# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           **Plaintiff,**

    v.                                            Case No. 14-CR-78

KEVIN R. ARMS, et al.,

           **Defendants.**

## ORDER

### I. Procedural History

The grand jury on April 1, 2014 returned a 25 count indictment charging 27 persons with various violations of federal law. (ECF No. 1.) Most notably, count one alleged a drug distribution conspiracy dating back to at least 2007 and involving 13 people and count five charged three defendants with homicide in furtherance of a drug trafficking conspiracy, an offense for which the death penalty was a possibility. (ECF No. 1.) The government has since filed notice that it does not intend to seek the death penalty. (ECF No. 348.) On August 19, 2014, the grand jury returned a superseding indictment that among other things added two defendants to the indictment and two defendants to the conspiracy charge in count one. (ECF No. 285.)

At a status conference on October 16, 2014 (*see* ECF No. 394) the court discussed a motion to compel filed by defendant John Bailey wherein he sought the identity of all confidential informants, *Brady* material related to those informants and government witnesses, the Milwaukee Police Department's "M" file, and statements of co-conspirators. (ECF Nos. 380.) The motion to compel relates to or references various similar motions previously filed by Bailey. (*See* ECF Nos. 327 ("Motion to Exclude Witness Testimony"); 334 ("Motion to Disclose Identity of Informant and Related Discovery or to Dismiss"); 337 ("Motion to Compel Disclosure of 404(b) Evidence"); 369 ("Defendant Bailey's Motion for 'Santiago' Hearing"); and 375 ("Defendant Bailey's Demand for Disclosure of the Identity of Unindicted Co-Conspirators").

Defendants Timothy Cunningham (ECF No. 399), Maurice Handy (ECF No. 401) Roosevelt Lee (ECF No. 397), and Demerius Sholar (ECF No. 400) subsequently joined in Bailey's motion to compel, with the court's permission. Handy previously had filed a separate motion wherein he sought disclosure of certain evidence. (ECF No. 373.) Defendant Phillip Moffett on November 14, 2014 filed a "Notice of Intent to Adopt" (ECF No. 432) wherein he states he is adopting various of Bailey's pretrial motions, including certain parts of Bailey's motion to compel. But Moffett's effort to adopt Bailey's motion to compel is untimely, the deadline for doing so having passed on October 24, 2014, and therefore shall be disregarded.

At Bailey's request, the court ordered briefing on his motion to compel to proceed on an expedited basis. In responding to this first round of pretrial motions, the government explicitly responded to the motions docketed as numbers 373, 375, 380, 397, 399, 400, and 401. (ECF No. 410 at 1.) The government proposes to disclose transactional informants' identities to each impacted defendant, along with all related *Brady* and *Giglio* material, 60 days before trial. (ECF No. 410 at 4-5.) The government also states that the Milwaukee Police Department's "M" file was disclosed on October 20, 2014, rendering that issue moot. (ECF No. 410 at 1, fn. 1.) It also states that numerous co-conspirator statements have been disclosed and that additional disclosures will be made as potential witnesses are identified and interviewed, also mooting that issue. (ECF No. 410 at 1, fn. 1.)

Only Bailey filed a reply. (ECF No. 413). In his reply, Bailey does not dispute that the issue relating to the Milwaukee Police Department's "M" file has been resolved by the production of the file. The primary dispute raised by the various motions to compel relates to the disclosure of the identity of the government's confidential informants and related discovery. The parties disagree as to both the scope and the timing of any disclosure. The defendants seek immediate disclosure. As for the scope of the disclosure, Bailey (ECF No. 336), Handy (ECF No. 402), and Lee (ECF No. 397) seek the identities of all confidential informants, not just those who are transactional witnesses or who implicated each respective defendant. Cunningham joins in Bailey's

3

motion but seeks the identities of only those confidential informants who implicated him. (ECF No. 399.) Sholar offers a particularized showing with respect to one confidential informant—a person who "played an instrumental role in the alleged controlled buy of March 19, 2012" and thus is a transactional witness. (ECF No. 400 at 2-3.) However, the court understands that Sholar also seeks the identities of eleven other informants who implicated him in the conspiracy. (ECF No. 400 at 2.)

## II. The Confidential Informant Privilege

Courts have long recognized that the government enjoys a "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The privilege fosters the public interest by encouraging reporting of crimes by those persons who would do so only if they will remain anonymous. *Roviaro*, 353 U.S. at 59. Maintaining anonymity is especially important in encouraging persons to report criminal activity when there is a risk that the confidential informant would suffer violent reprisals should his cooperation with law enforcement be disclosed. *See United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993); *United States v. Herrero*, 893 F.2d 1512, 1527 (7th Cir. 1990). Such a concern is especially prevalent in cases against drug organizations, which are "not known for treating informers with compassion." *Bender*, 5 F.3d at 270. Disclosing the identity of a confidential informant who provided information against a drug conspiracy might place that informant in serious danger or

4

even result in his death. *Herrero*, 893 F.2d at 1527; *see also United States v. Guidry*, 2014 U.S. Dist. LEXIS 93939 (E.D. Wis. Mar. 24, 2014) ("[T]he public's interest is particularly high in drug cases as 'not many people want to become police informants in light of the violence within the drug subculture.'") (quoting *Bender*, 5 F.3d at 270); *United States v. Davis*, 2007 U.S. Dist. LEXIS 86742, 6 (E.D. Wis. Nov. 26, 2007) ("[T]he court notes at the outset that due to the nature of this case, a multi-defendant heroin conspiracy case, the government's interest in maintaining the confidentiality of the informants is strong and compelling.")

Although safety of the informant is often the reason offered for invoking the privilege, the government "need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege." *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994) (citing *Dole v. Local 1942, IBEW*, 870 F.2d 368, 372 (7th Cir. 1989)). The government is granted the privilege as a right. *Id.*

However, the privilege is not absolute. "This privilege gives way if the defendant establishes that the disclosure of the informant's identity 'is relevant and helpful' to his defense 'or is essential to a fair determination of a cause.'" *United States v. McDowell*, 687 F.3d 904, 911 (7th Cir. 2012) (quoting *United States v. Harris*, 531 F.3d 507, 514 (7th Cir. 2008)). Ultimately, whether or not the privilege must yield requires the court to consider the circumstances of the case, which include "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

5

*Roviaro*, 353 U.S. at 62. Specific considerations include the confidential informant's role. If he was a "mere tipster," that is, he simply provided law enforcement with relevant information, it will be difficult for the defendant to overcome the privilege. *McDowell*, 687 F.3d at 911. If the confidential informant was a "transactional witness," e.g., he participated in or witnessed the offense for which the defendant is charged, it is more likely that the privilege must yield. *Id.*

The indictment charges three defendants, including Bailey, with homicide in furtherance of the conspiracy. The government states that mistaken identity led to two women being ambushed in a parking lot and having their vehicle shot more than 40 times by bullets fired from two different guns; one woman died as a result. (ECF No. 410 at 3.) The government further states that the discovery in this case contains information related to numerous assaults and batteries committed by members of the conspiracy. (ECF No. 410 at 3.) Thus, concern about the safety of the confidential informants here should their identities be disclosed is real and substantial.

The defendants' own filings provide further reason to be concerned about the safety of the confidential informants should their identities be disclosed. For example, informants have identified Bailey as the organization's enforcer, who has done shootings and acts of retaliation on behalf of the organization. (ECF No. 327-1 at 3-4.) A confidential informant reported that the alleged leader of this organization put a $20,000 bounty on a particular individual. (ECF No. 413 at 4.) Following the return of

the indictment, one informant was identified in a letter written by a detained defendant. Three times a week, this informant was then harassed at his workplace by the particular defendant's brother. (ECF No. 410 at 3.) Another informant was run off the road while driving (ECF No. 410 at 3), although the court is aware from prior statements of the government that it is not confident that the incident was related to the informant's cooperation in this case. Finally, recorded telephone calls of defendants incarcerated pending trial reveal "discussions about the suspected identities of many of the informants in this case and the various types of harm that should come to them." (ECF No. 410 at 3.) There is also evidence that defendants in this matter previously discussed bribing a witness to a shooting. (ECF No. 413 at 4.)

### III. Disclosure of Identities of Confidential Informants

In their respective motions to compel, both Bailey and Handy identify certain specific confidential informants who offer information directly implicating each of them in the conspiracy. However, they seek the disclosure of the identity not just of those individuals but of every confidential informant (according to some of the defendants, there are 34 in total), including "those individuals who have failed to identify the defendant as a co-actor in either the conspiracy or the §924(j) count." (ECF No. 381 at 1.) The explanation offered by Bailey as to why that information is relevant and helpful to his defense is that he "will argue to the jury that if a CI, who has been acknowledged by the government to be a member of a conspiracy or witness to such events, did not know

7

the defendant, then the defendant must not have been a conspirator." (ECF No. 413 at 7.) Handy joins in Bailey's motion to compel. (ECF No. 401 at 1.)

However, the fact that a confidential informant offers information implicating certain but not all of the defendants does not mean that he or she does not know that Bailey or Handy are also members of the conspiracy; the informant might not have been asked such information or for a variety of reasons may have declined to disclose it. Moreover, even if one or more confidential informants were unaware that Bailey or Handy were members of the conspiracy, that does not, without more, establish that they were not. Absent evidence that a particular confidential informant was involved in and knowledgeable of all aspects of the conspiracy, the fact that he or she knows facts relating to certain facets of the conspiracy but did not have information implicating every alleged member is hardly exculpatory. Given its illicit nature, one would expect that, in any drug conspiracy, each member would know only as much as is necessary to carry out his role. If every participant knew every detail, it would take only one person, not the 34 confidential informants relied upon here, to bring down the conspiracy. The court concludes that Bailey and Handy have failed to demonstrate that disclosure of every confidential informant is relevant and helpful to their defense or essential to a fair determination of their cases. *See United States v. Barnes*, 2010 U.S. Dist. LEXIS 45769, 20 (E.D. Wis. Apr. 7, 2010) (rejecting defendants' request for every confidential informant); *cf. Davis*, 2007 U.S. Dist. LEXIS 86742, 6 (noting that the absence of any reference to the

defendant in the informant's statement was a reason to deny a motion to compel disclosure).

Only Bailey (ECF Nos. 327-1 at 3-4; 413 at 3-5), Sholar (ECF No. 400), and Handy (ECF No. 402 at 2-3) offer any specific information regarding any particular confidential informant. Sholar refers to a confidential informant who "played an instrumental role in the alleged controlled buy of March 19, 2012," which led to count eleven of the indictment. (*See* ECF No. 1 at 12.) This confidential informant would appear to constitute a transactional witness and thus presumably is one the government agrees is subject to disclosure. Based upon Sholar's representation and the lack of any specific objection from the government, the court concludes that the identity of this informant (the court has not been provided any additional identifying information about this confidential informant) must be disclosed.

Bailey and Handy identify several confidential informants who have provided information implicating each of them. It is unclear whether the government disputes that the identity of these witnesses are subject to disclosure. Because the burden lies with the defendants to demonstrate that the identity of these witnesses is relevant and helpful to their defense or essential to a fair determination of the cause, the court looks to the information provided by Bailey and Handy to determine if they have succeeded in demonstrating that any of these confidential informants is more than a "mere tipster."

9

With respect to the four individuals Bailey describes in one of his initial briefs (ECF No. 327-1 at 3-4) and the two additional confidential informants discussed in his reply brief (ECF No. 413 at 3-5), he fails to demonstrate that any of them is a transactional witness or witness whose testimony would otherwise be relevant and helpful to his defense or essential to a fair determination of his case. Each confidential informant provided information as to Bailey's involvement in the drug trafficking organization or recounts hearsay or observations following the relevant offense. There is no indication that any of them was a witness to the facts or events that led to the charges contained in the indictment. Bailey has not demonstrated that any of the four confidential informants reported having personally observed him selling or possessing a controlled substance, committing an act of violence on behalf of Arms, or committing the murder charged in count five of the indictment. And although Bailey criticizes the discovery for failing to identify the source of the informants' information and cites this as a reason for disclosing their identities, the fact remains that it is Bailey's obligation to demonstrate that the government's privilege must yield.

Handy does demonstrate that one of the four confidential informants he discusses is a transactional witness. Specifically, he states that "cs-12-139939" witnessed what the informant believes was a drug transaction between Handy and Arms. (ECF No. 402 at 3.) Therefore, the identity of this confidential informant shall be disclosed to Handy. As for the three other informants discussed in Handy's brief, he fails to

demonstrate that they were anything more than mere tipsters. They provided information only as to the relationship between Handy and Arms and certain discrete facts, but there is no information that any of them witnessed Handy engage in any of the conduct that is the subject of the indictment. (ECF No. 402 at 3.) Thus, Handy has not demonstrated that their identities would be relevant and helpful to his defense of the charges contained in the indictment or essential to a fair determination of the cause.

Cunningham (ECF No. 399) and Lee (ECF No. 397) likewise have failed to make the requisite showing that the disclosure of any or all confidential informants would be relevant and helpful to their respective defenses or essential to a fair determination of the cause. Each falls short by offering essentially nothing more than the same unadorned conclusion that disclosure is necessary to prepare his defense. (*See* ECF Nos. 397 at ¶ 6; 399 at ¶ 7.)

IV. **Disclosure of Identities of Unindicted Co-Conspirators**

Before filing his motion to compel discovery (ECF No. 380), Bailey filed a separate motion he captioned as "Demand for Disclosure of the Identity of Unindicted Co-Conspirators." (ECF No. 375.) In that motion Bailey "moves the Court for an Order requiring the government to disclose the identity of unindicted co-conspirators." In his motion to compel, Bailey requests a court order compelling the disclosure not of the identities of co-conspirators but of statements of co-conspirators. (ECF No. 380 at 3.) The government's response purports to be responding to both motions, but it says

nothing about Bailey's request for the disclosure of the identity of co-conspirators; all it says is that it has already produced statements from co-conspirators and will continue to do so as new statements are given. (ECF No. 410 at 1.) In his reply brief, Bailey for the first time seems to marry his two requests, asking the court to order the government to "immediately designate those co-conspirators' statements and legal basis for which it will seek admission at trial." (ECF No. 413 at 7-8.)  As the court now understands Bailey's request in light of his reply and the cumulative effect of his prior motions, it appears he is asking the court to order the government to declare which individuals, whether confidential informants or not, it alleges was a co-conspirator such that the individual's statements may be admissible under Federal Rule of Evidence 801(d)(2)(E).

This issue was adequately presented for the first time only in reply. Therefore, the government has not had the opportunity to respond. Moreover, this issue relates to, and is perhaps redundant to, Bailey's motion for a *Santiago* hearing. (ECF No. 369.) Therefore, although captioned as a motion for disclosure of a witness' identity and referenced in the government's response, to the extent that Bailey asks the court to order the government to declare which individuals are co-conspirators, the motion is not properly before the court at this time. The matter shall be addressed after the government has had an opportunity to respond as part of the second round of pretrial motions.

## V. Timing of Disclosure

As stated above, the government proposes to disclose the identities of those confidential informants who are transactional witnesses to all affected defendants, along with "all *Brady* and *Giglio* information with respect to these witnesses, including criminal histories, promises of leniency, and benefits received," 60 days before the commencement of trial. (ECF No. 410 at 5-6.) The moving defendants seek immediate disclosure. Handy originally agreed that 60 days before trial was acceptable (ECF No. 373), but once Bailey sought immediate disclosure Handy joined in that request, now calling 60 days "wholly unsatisfactory" and "woefully inadequate"(ECF No. 402 at 2).

The court having concluded that only those confidential informants who are transactional witnesses with respect to a particular defendant will be disclosed to that defendant (along with testifying confidential informants, discussed below), it is unlikely that any defendant will be faced with investigating more than a few individuals. Moreover, much of the information that the defendants say they will need to obtain as part of their investigation into the confidential informants, e.g., their criminal histories or what they may have been promised in exchange for their cooperation, will be disclosed by the government at the time it discloses the identities of the confidential informants.

In determining the appropriate timing of disclosure, "[t]he length of time before trial that the government must disclose this information is determined by the court's

13

consideration of a variety of factors, the most significant of which is the complexity of the case." *United States v. Rodriguez*, 2009 U.S. Dist. LEXIS 38695, 9 (E.D. Wis. Apr. 24, 2009). The court looks to similar cases from this district for guidance. *See, e.g., United States v. Berry*, 2011 U.S. Dist. LEXIS 150987, 22 (E.D. Wis. Dec. 15, 2011) (ordering disclosure of transactional witnesses 45 days before trial and non-transactional witnesses who will testify at trial 30 days before trial in an 18 defendant, 18 count drug conspiracy); *United States v. Barnes*, 2010 U.S. Dist. LEXIS 45769, 18-19 (E.D. Wis. Apr. 7, 2010) (finding the government's offer to disclose confidential informant identities 30 days before trial "adequately balances the government's privilege and concern for the CIs' safety with the defendants' interests in adequately preparing a vigorous defense" in a 40 defendant drug conspiracy prosecution); *United States v. Rodriguez*, 2009 U.S. Dist. LEXIS 38695 (E.D. Wis. Apr. 24, 2009) (ordering the disclosure of confidential informants who will testify at trial 30 days before trial in a 14 defendant "complex drug conspiracy, involving voluminous discovery and Title III intercepts," but, in the absence of any specific objection from the government, ordering disclosure of certain informants demonstrated to be transactional witnesses within 30 days of the date of the court's order); *United States v. Vallejo*, No. 05-CR-240 (E.D. Wis. July 11, 2007), ECF No. 912 at 36 (finding sufficient the government's offer to disclose 60 days before trial the identities of all confidential informants it intended to call as witnesses in an especially complex RICO conspiracy prosecution against 49 members of the Latin Kings street gang); *United*

*States v. Cubie*, No. 05-CR-146 (E.D. Wis. Feb. 7, 2006), ECF No. 209 at 62-63 (finding disclosure of confidential informants who are transactional witnesses 30 days before trial adequate in complex drug conspiracy case against 9 defendants).

Having fully considered the defendants' arguments, the court concludes that disclosure of the identities of relevant confidential informants 60 days before trial "adequately balances the government's privilege and concern for the CIs' safety with the defendants' interests in adequately preparing a vigorous defense." *Barnes*, 2010 U.S. Dist. LEXIS 45769, 18. In addition to the general supposition that criminal enterprises, and drug organizations in particular, are unlikely to respond kindly to informants, there is specific evidence that the drug organization that is the subject of this prosecution has in the past responded with violence toward those persons who have crossed the organization. Aside from significant concerns of violence, there is the risk that the organization may attempt to bribe witnesses as it is alleged to have done in the past. Limiting the period of time that the identities of the informants are disclosed mitigates both of these risks.

While the court recognizes that this case is complex, the stakes are high, and the prosecution depends in large measure upon the statements of confidential informants, 60 days is a sufficient period of time to allow the defendants to prepare for trial. Under the Speedy Trial Act, the ordinary federal prosecution, which includes many multi-defendant drug conspiracies, must proceed from arraignment to trial in 70 days. 18

15

U.S.C. § 3161(c)(1). And in the cases discussed above, some of which were every bit as complex as this one, 60 days was found sufficient.

Finally, it is not clear whether Bailey also seeks the immediate disclosure of the identities of those confidential informants who the government intends to call as witnesses at trial. The court notes two passing references to testifying confidential informants in Bailey's briefs that could be interpreted as such a request. First, in Bailey's opening brief in support of his motion to compel (ECF No. 336) he states he is seeking "disclosure of <u>all</u> confidential witnesses together with … [t]he name, date of birth, address(es), location(s), criminal record, and alias(es) of all confidential informants the government intends to call as a witness at trial." (ECF No. 336 at 2, ¶ 1 (emphasis in original).) But the statement seems inherently contradictory: he appears to seek disclosure of all confidential informants but then immediately limits his request to only those who will testify at trial. The only other reference to testifying confidential informants comes in the first line of his reply brief, in which he states, "The government opposes immediate disclosure of the identities of the informants who are transactional, who will testify, and/or who have failed to implicate the defendant in previous debriefings." (ECF No. 413 at 1.)

In light of the failure of any defendant to squarely raise the issue, the government's response is unsurprisingly silent with respect to the disclosure of those confidential informants that it anticipates calling as witnesses at trial. Thus, it is unclear

16

whether the government disputes having to disclose the identities of these individuals. The court concludes that disclosure 60 days before trial of the identity of any confidential informant the government intends to call as a witness at trial in its case in chief is sufficient and appropriate.

**IT IS THEREFORE ORDERED:**

Based upon the foregoing, the government shall disclose to the affected defendants the identities, as well as all related *Brady* and *Giglio* material, of those confidential informants discussed herein, including those who are transactional witnesses and those the government will call as witnesses in its case in chief at trial, not less than 60 days before the scheduled commencement of trial.

**IT IS FURTHER ORDERED** that defendant John Bailey's "Motion to Disclose Identity of Informant and Related Discovery or to Dismiss" (ECF No. 334) is **denied.**

**IT IS FURTHER ORDERED** that defendant John Bailey's "Motion to Compel Discovery" (ECF No. 380) is denied as moot with respect to the defendant's request for the Milwaukee Police Department's "M" file and **denied** as to all other grounds.

**IT IS FURTHER ORDERED** that defendant Timothy Cunningham's "Motion to Compel Discovery" (ECF No. 399) is **denied**.

**IT IS FURTHER ORDERED** that defendant Maurice Handy's "Motion to Join Defendant John Bailey's Motion to Compel Disclosure" (ECF No. 401) is **granted** with respect to the request to join Bailey's motion and with respect to the disclosure of the

identity of "cs-12-139939." The government shall disclose to Handy the identity of this confidential informant not less than 60 days before the commencement of Handy's trial in this matter. The motion is **denied** as to all other grounds.

**IT IS FURTHER ORDERED** that defendant Demerius Sholar's "Motion to Compel Identity of All Confidential Informants, Cooperating Witnesses, and Cooperating Co-Defendants" (ECF No. 400) is **granted** with respect to the confidential informant who "played an instrumental role in the alleged controlled buy of March 19, 2012." The government shall disclose to Sholar the identity of this confidential informant not less than 60 days before the commencement of Sholar's trial in this matter. The motion is **denied** as to all other grounds.

**IT IS FURTHER ORDERED** that defendant Roosevelt Lee's "Motion to Compel" (ECF No. 397) is **denied**.

Dated at Milwaukee, Wisconsin this 8th day of December, 2014.

*[signature: William E. Duffin]*
WILLIAM E. DUFFIN
U.S. Magistrate Judge